IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANIEL YBARRA, JEFFREY WOJDACZ,**          **PLAINTIFFS**
**and TONEY CASIAS, Individually and on**
**Behalf of All Others Similarly Situated**

vs.                              No. 5:19-cv-1302

**MULDER FIRE PROTECTION, INC.**            **DEFENDANTS**
**and EDWARD MULDER**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Daniel Ybarra, Jeffrey Wojdacz, and Toney Casias ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys Merideth McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Mulder Fire Protection, Inc., and Edward Mulder (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants pursuant to Section 216(b) of the FLSA.

2.     The proposed Section 216 class is composed entirely of employees who are or were hourly-paid employees for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their rights under applicable federal wage and hour laws.

3.      The proposed Section 216 class will seek recovery of monetary damages for overtime hours worked by Plaintiffs and the class members.

4.      Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all hours worked each week that they were/are made to work.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

6.      Plaintiffs file herewith their written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.      JURISDICTION AND VENUE

7.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

9.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Plaintiff Daniel Ybarra is an individual and resident and domiciliary of Bexar County. He was employed by Defendants to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

11.     At all times relevant hereto, Plaintiff Ybarra was paid an hourly rate for his work for Defendants.

12.     Plaintiff Jeffrey Wojdacz is an individual and resident and domiciliary of Bexar County. He was employed by Defendants to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

13.     At all times relevant hereto, Plaintiff Wojdacz was paid an hourly rate for his work for Defendants.

14.     Plaintiff Toney Casias is an individual and resident and domiciliary of Bexar County. He was employed by Defendants to work as an hourly employee within the three (3) years preceding the filing of this Complaint.

15.     At all times relevant hereto, Plaintiff Casias was paid an hourly rate for his work for Defendants.

16.     At all times relevant herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

17.     Defendant Mulder Fire Protection, Inc. ("Mulder Fire Protection"), is a for-profit Texas corporation.

18.     Mulder Fire Protection's agent for service of process in Texas is Edward Mulder, located at 5807 La Colonia, Ste. 200, San Antonio, Texas 78218.

19.     Mulder Fire Protection is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class.

20.     Mulder Fire Protection has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21.     Mulder Fire Protection's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22.     Defendant Edward Mulder ("Mulder") is the principal director and/or officer of Defendant Mulder Fire Protection.

23.     Mulder controls or has the right to control the day-to-day operations of Defendant Mulder Fire Protection such that he is jointly liable to Plaintiffs as an employer under the FLSA.

24.     Mulder established and maintained the pay policies for Mulder Fire Protection employees.

25.     Mulder was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

26.     Mulder Fire Protection and Mulder have unified operational control and management, with the shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

27.     Defendants operate as a single enterprise to employ Plaintiffs, including the creation and maintenance of the pay policy applicable to Plaintiffs, the power to supervise,

hire, fire and discipline Plaintiffs, and the power to set the schedule and conditions of Plaintiffs' work.

## IV.    FACTUAL ALLEGATIONS

33.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

34.    Defendants' primary business purpose is to provide their customers with fire protection services, including design, installation, inspection and maintenance of fire protection systems. Defendants employed hourly employees such as Plaintiffs to accomplish this purpose.

35.    Within three years prior to the filing of this Complaint, Defendants hired Plaintiffs, among other individuals, to perform the job duties relevant to Defendants' business, including the manual labor involved in preparing, modifying and installing fire protection systems for Defendants' customers.

36.    Job duties performed by Plaintiffs and those similarly situated included but were not limited to cutting, grooving and fitting pipes, linkages and other parts of fire protections systems while on the job sites of Defendants' customers.

37.    Plaintiff Ybarra worked for Defendants as an hourly-paid fitter from prior to three years ago until March of 2018.

38.    Plaintiff Wojdacz worked for Defendants as an hourly-paid foreman from approximately 2015 until March of 2018.

39.    Plaintiff Casias worked for Defendants as an hourly-paid helper and safety coordinator from approximately July of 2015 until July of 2018.

40.     Defendants hired Plaintiffs and set their work schedules, including the hours to be worked, and paid them an hourly wage.

41.     Defendants exercised comprehensive control over the employment of its hourly employees, including Plaintiffs' employment.

42.     Defendants required its hourly employees to follow a fixed schedule in performing their duties.

43.     Specifically, hourly employees regularly were required to work fifty-five (55) to sixty (60) hours per week, with some employees required to work more.

44.     Defendants set the pay rates for hourly employees. During the statutory period, Defendants compensated hourly employees, including Plaintiffs, a straight-time hourly rate of pay for all hours worked, including those worked in excess of forty (40) per week.

45.     For hours worked in excess of forty (40) per week, Defendants required Plaintiffs to "bank" time off rather than paying Plaintiffs at a rate of one and one-half times their regular rate of pay for overtime hours. These "banked" hours could be, but were not required to be, used to cover missed work during other weeks of work.

46.     Plaintiffs and other hourly-paid employees regularly worked over forty (40) hours per week.

47.     Defendants did not pay Plaintiffs or other hourly employees any overtime premium for hours that they worked over forty (40) hours per week.

48.     If any hourly employee worked more than forty (40) hours per week, Defendants' policy was not to pay that employee an overtime premium of 1.5 times the employee's regular rate for the hours over forty (40).

49.     Defendants knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty (40) per week, yet Defendants failed and refused to compensate Plaintiffs for their work as required by the FLSA.

50.     At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

51.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

52.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid employees who were or are denied payment for all hours worked over forty (40) per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

53.     Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendants as hourly-paid employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

54.     Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds fifteen (15) persons but is less than fifty (50) persons. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

55.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.      Defendants' uniform practice of requiring class members to "bank" time off for hours worked in excess of forty (40) per week; and

B.      Defendants' failure to pay members of the class overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

56.     Because other hourly workers are similarly situated to Plaintiffs, and are owed overtime for the same reasons, a proper definition of the class is as follows:

**Each hourly-paid employee who worked within the three years preceding the filing of this Original Complaint.**

57.     This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

58.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

59.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

60.     In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

## VI.      FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Overtime Violations)

66.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

67.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiffs a lawful overtime premium for hours worked over forty per week.

69.     Defendants' failure to pay Plaintiffs minimum wages and all overtime wages owed was willful.

70.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

84.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

85.     Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

86.     During the relevant time period, Defendants unlawfully refrained from paying its hourly employees a lawful overtime premium for hours worked over forty (40) per week.

87.     Plaintiffs propose to represent a class of individuals who are owed minimum wages and overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

**Each hourly-paid employee who worked within the three years**
**preceding the filing of this Original Complaint.**

88.     Defendants' failure to pay hourly employees overtime wages owed was willful.

89.     By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    WILLFULNESS

90.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

91.     All actions by Defendants were willful and not the result of mistake or inadvertence.

92.     Defendants knew or should have known that the FLSA applied to the operation of its business at all relevant times.

93.     Despite being on notice of its violations, Defendants chose to continue their policies and practices described above which resulted in Plaintiffs and other members of the proposed collective class working overtime hours for which they were not properly compensated.

94.     Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of

Defendants' manner of payment and policies related to improper payment procedures.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Daniel Ybarra, Jeffrey Wojdacz, and Toney Casias, individually and on behalf of others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a)    That each Defendant be summoned to appear and answer herein;

(b)    That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c)    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g)     An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DANIEL YBARRA, JEFFREY WOJDACZ and TONEY CASIAS, Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com