UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANIEL YBARRA, Individually and on Behalf of All Others Similarly Situated; et al., §§§§§§§§§§§§§ Plaintiffs, v. MULDER FIRE PROTECTION, INC., et al., Defendants. | CIVIL NO. 5:19-CV-01302-JKP-RBF |

### ORDER

The Court has under consideration *Plaintiff Daniel Ybarra's Motion to Withdraw as Plaintiff in Case* (ECF No. 23) and the remaining *Plaintiffs' Notice of Acceptance of Offer of Judgment* (ECF No. 29). Plaintiff Ybarra seeks to dismiss his case against defendants without prejudice pursuant to Fed. R. Civ. P. 41. The other plaintiffs simply notify the Court that they have accepted defendants offer of judgment presented to them under Fed. R. Civ. P. 68.

As to the provided notice, the Court recognizes that Rule 68 directs the clerk to enter judgment upon the filing of (1) the offer of acceptance; (2) a notice of acceptance; and (3) proof of service. In general, courts have "no discretion whether or not to enter the judgment" and offers of judgment under Rule 68 are "usually considered self-executing." *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir. 2004). But "certain limited circumstances" exist "under which courts retain authority to review an offer of judgment." *Id.* at 371. One such circumstance is in the class action context. *See id.*

Here, three plaintiffs commenced this case as a collective action under the Fair Labor Standards Act ("FLSA"). *See* Orig. Compl. (ECF No. 1). Four other plaintiffs have filed notice of their intent to join this collective action. *See* ECF Nos. 24-28. After Plaintiff Ybarra moved to withdraw from this action, the remaining plaintiffs filed their acceptance of the defendants' offer of judgment. But nothing in the acceptance or offer addresses the Court's duty to approve private resolution of FLSA claims. Two circumstances do not require such judicial approval: (1) a bona

fide dispute about hours worked or compensation owed and (2) the settlement or resolution provides employees with "everything to which they are entitled under the FLSA at the time the agreement is reached." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). However, neither of these circumstances are clearly presented on the current filings before the Court.

Because private resolutions of FLSA claims generally require court approval and because the current filings do not present circumstances that eliminate the need for such approval, the Court directs the parties to file an affidavit or other documentary proof of a bona fide FLSA dispute over hours worked and compensation owed or an unambiguous verified or sworn statement that the plaintiffs are obtaining everything to which they are entitled under the FLSA. The parties shall make their submissions/filings **on or before September 30, 2020.**

Pursuant to Fed. R. Civ. P. 41(a)(2), the Court **GRANTS** *Plaintiff Daniel Ybarra's Motion to Withdraw as Plaintiff in Case* (ECF No. 23) and **DISMISSES** this action against defendants without prejudice as to him. As to the remaining plaintiffs, **the Court directs the Clerk of Court to withhold entry of judgment despite the filing of the acceptance of the defendants' offer of judgment**. No judgment shall be entered absent further order of the Court after it has had an opportunity to consider whether the circumstances require court approval of the private resolution of this case.

**IT IS SO ORDERED this 16th day of September 2020.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE